IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CV-196-FL

| | |
|---|---|
| MARIA A. DAVIS, | ) |
| Plaintiff, | ) |
| v. | )  **ORDER** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 22, 25). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers, issued a memorandum and recommendation ("M&R") (DE 27), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the following reasons, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

On June 20, 2017, plaintiff filed application for a period of disability and for supplemental security income, alleging disability beginning March 2, 2012. The application was denied initially and upon reconsideration. A hearing was held on November 14, 2019, before an administrative law judge ("ALJ"), who determined that plaintiff was not disabled in a decision dated January 10,

2020.  After the appeals council denied plaintiff's request for review, plaintiff commenced the instant action on October 14, 2020, seeking judicial review of defendant's decision.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits.  The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1]  The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).  In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).  An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his [or her] conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

---

[1]     Internal citations and quotation marks are omitted from all citations unless otherwise specified.

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had engaged in substantial gainful activity since the alleged onset date, March

12, 2012, but that she had not done so since filing of her application June 20, 2017. (Transcript of the Record ("Tr.") 50). At step two, the ALJ found that plaintiff had the following severe impairments: morbid obesity, chronic obstructive pulmonary disease ("COPD")/asthma, sleep apnea, chronic heart failure, history of left knee surgery in 2017 with infection, fatty liver/cirrhosis, seizures/pseudoseizures/tremors, degenerative disc disease, right wrist ganglion cyst, headaches/migraines, hyperlipidemia, hypertension, postmenopausal bleeding/perimenopause/polycystic ovarian syndrome ("PCOS")/hot flashes, major depressive disorder, hypothyroidism, diabetes mellitus, and gastroesophageal reflux disease ("GERD"). (Tr. 50-51). However, at step three, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the listed impairments in the regulations. (Tr. 51-57).

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform sedentary work, set forth as follows:

> She can frequently push, pull, operate hand controls, handle, finger, and/or feel with the upper extremities; occasionally push, pull, and/or operate foot controls with the lower extremities; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and/or crawl; avoid concentrated exposure to pulmonary irritants, such as fumes, odors, dust, gases, poor ventilation, and the like; avoid all exposure to workplace hazards, such as dangerous, moving machinery and unprotected heights; avoid concentrated exposure to temperature extremes of heat; she is able to understand and perform simple, routine, repetitive tasks; she can maintain concentration, persistence, and pace to stay on task for 2-hour periods over the course of a typical 8-hour workday with normal breaks, in a low stress setting, further defined, in addition to the nature of the work being performed, to mean no production-pace or quota-based work; rather, the claimant requires a goal-oriented job primarily dealing with things instead of people, with no more than occasional changes, and no more than occasional social interaction with supervisors, co-workers, and/or the public.

(Tr. 57-56 (footnote omitted)).

At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. (Tr. 62). At step five, the ALJ found that there are jobs that exist in significant numbers in the national

economy that plaintiff can perform. (Tr. 62-63). Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

In her objections, plaintiff argues that the ALJ erred by failing to include plaintiff's additional limitations of 1) needing supplemental oxygen and 2) needing a rolling walker or wheelchair in the RFC. Plaintiff contends that inclusion of each in her RFC would have "likely . . . resulted in an erosion of jobs at the sedentary level in the national economy to the point where a finding of disability was appropriate." (Pl.'s Obj. (DE 28) at 4). The magistrate judge thoroughly and cogently addressed these arguments in the M&R. (See M&R (DE 27) at 6-13). Upon de novo review of plaintiff's arguments and the record in this matter, the court adopts the analysis in the M&R. The court write separately to address argument raised in plaintiff's objections.

RFC "refers to a claimant's capabilities despite her impairments." Lawrence v. Saul, 941 F.3d 140, 141 n.2 (4th Cir. 2019) (citing 20 C.F.R. § 404.1545(a)). "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019). Taking into account all medically determinable impairments of which the ALJ is aware, as well as evidence of the intensity and persistence of symptoms caused by those impairments, the ALJ's "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. Monroe, 826 F.3d at 179; Mascio, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). The ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Mascio, 780 F.3d at 636. At bottom, "the ALJ must both identify evidence that

5

supports his conclusion and build an accurate and logical bridge from [that] evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018)

Again, "[i]n reviewing for substantial evidence" in support of an ALJ's factual findings, "[the court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Shinaberry v. Saul, 952 F.3d 113, 123 (4th Cir. 2020).

1. Supplemental Oxygen

The ALJ discussed plaintiff's respiratory symptoms and impairments as part of his determination, (Tr. 59-60), as was reviewed by the magistrate judge in his analysis. (See, e.g., M&R (DE 27) at 9). Plaintiff asserts that this analysis, as premised on the ALJ's determination, was erroneous because it selectively, and thus improperly, relied on medical evidence in the record and disregarded a pertinent medical opinion. The court disagrees.

Plaintiff first targets the ALJ's and magistrate judge's reliance on the notation, after plaintiff's July 2017 hospital visit, that "[plaintiff] did not qualify for home oxygen." (Tr. 615; see also Tr. 59; M&R (DE 27) at 23). She points to a note from a later November 2017 emergency room visit for shortness of breath by Ryan D. Karasek, M.D., that plaintiff "qualified for home [oxygen,] which [he] ordered for [two liters] to wear continuously." (Tr. at 1025; see also Tr. at 59). However, the ALJ described that emergency room visit in his decision, and the ALJ also noted that at a hospital visit in September 2017, plaintiff's oxygen saturation was 100 percent on room air. (Tr. 59; 993). Further, the ALJ noted that at a March 2019 appointment for dyspnea with Kathryn Monroe, a nurse practitioner, plaintiff referenced her shortness of breath as mild, occurring intermittently. (Tr. 59-60; see, e.g., Tr. 2072, 2077).

Plaintiff contends that her mild shortness of breath in March 2019 was only due to her use of supplemental oxygen, but the record does not disclose that she was using supplemental oxygen at this appointment. (See Tr. 2072-75). Moreover, a few days prior, plaintiff had presented as being able to breathe sufficiently without supplemental oxygen. (Tr. 2077-80). The substantiality of this and other evidence supporting the ALJ's determination is not meaningfully undercut by a notation of continued home oxygen use in admission and discharge records from an emergency room visit for seizure later that year, (Tr. at 1670-71), which the ALJ also described in the decision. (See Tr. at 60). This is especially true given her prior description of the related issue as intermittent, upon which the ALJ relied in his determination, and which was demonstrated by clinical observation. (Tr. 59-60, 2077-80; see also M&R (DE 27) at 11 n.5).

Plaintiff also contends that the magistrate judge improperly excused the ALJ's failure to address George C. Winberg's, R.N., notation, stemming from a home health care evaluation, that, as of December 2017, plaintiff was "dependent on continuous oxygen." (Tr. 810). However, as already noted, plaintiff was later noted to not continuously need supplemental oxygen. (Tr. 2077-80). Therefore, the court discerns no meaningful justification for remand on that basis. See Craig, 76 F.3d at 590.

2. Assistive Device

The ALJ further considered plaintiff's ability to walk and move about absent an assistive device, (Tr. 60), which the magistrate judge concluded sufficiently explained the decision to not include a rolling walker, wheelchair, or other assistive device in plaintiff's RFC. (M&R (DE 27) at 60). Plaintiff claims this was erroneous given the alleged substantial evidence that plaintiff required an assistive device. However, her objection to the M&R merely restates, very nearly verbatim, her arguments presented in her initial briefing. (Compare Pl.'s Mem. (DE 23) at 22-24,

7

with Pl.'s Obj. (DE 28) at 9-10). Upon careful review of the record, the court determines that the magistrate judge already has addressed the arguments set forth in this part of plaintiff's objections, and plaintiff raises no new related issues for the court to review de novo. See Orpiano, 687 F.2d at 47.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 27). Plaintiff's motion for judgment on the pleadings (DE 22) is DENIED, and defendant's motion for judgment on the pleadings (DE 25) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 30th day of March, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge